IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM BARNES,

     Plaintiff,

                               CIVIL ACTION NO.

v.                          1:13-cv-00537-JEC

TIDEWATER TRANSIT COMPANY, INC.
and/or HARVEY'S FERTILIZER, and
ROGER H. CANTELL,

     Defendants.

## ORDER & OPINION

This matter is before the Court on defendants Tidewater Transit Company, Inc. ("Tidewater")[1] and Roger H. Cantell's Motion to Dismiss [15]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that defendants' Motion to Dismiss [15] should be **DENIED**.

---

[1] In the caption of his complaint [1] and his amended complaint [13], plaintiff lists as defendants: "Tidewater Transit Company, Inc. And/Or Harvey's Fertilizer And Roger H. Cantell" (emphasis added). Other than being listed in the caption, Harvey's Fertilizer is never referred to again: not in the body of the original or amended complaint. Nevertheless, defendants' Answer [14] includes "Harvey's Fertilizer" in its caption. Also, defendants' Motion to Dismiss Plaintiff's Amended Complaint [16], its brief in support of that motion [17], and its Reply Brief [19] all indicate that these pleadings are being filed on behalf of all named defendants, including Harvey's Fertilizer. Accordingly, whenever the Court refers to defendant Tidewater, it likewise includes defendant Harvey's Fertilizer in that reference.

## FACTUAL AND PROCEDURAL BACKGROUND

This case arises from an automobile accident between plaintiff William Barnes and defendant Roger Cantell in which plaintiff suffered severe injuries. (Compl. [1] at ¶ 3.) On July 6, 2012, plaintiff, in his vehicle, and Cantell, in his tractor-trailer, both turned left onto southbound Redmond Circle in Rome, Georgia. (*Id.* at ¶ 2.) Cantell, a Tidewater employee at the time, was driving a tractor-trailer owned by Tidewater. (Answer [14] at ¶ 1.) In the course of making the turn onto Redmond Circle, Cantell veered from the inside turn lane into the outside turn lane, colliding with plaintiff's vehicle and forcing it off of the road. (Compl. [1] at ¶ 2.) This collision caused severe injuries to plaintiff's back and legs and destroyed his automobile. (*Id.* at ¶¶ 2-5.)

Plaintiff filed suit in this Court against defendants on February 19, 2013. (Compl. [1].) In his original complaint, plaintiff did not allege a basis for federal jurisdiction, but did note the residency of each party, averring that plaintiff and defendant Cantell are residents of Georgia, and that defendant Tidewater is an "out-of-state corporation." (*Id.* at ¶ 1.)

Defendants moved to dismiss based on this Court's lack of subject matter jurisdiction, arguing that plaintiff's complaint provided no basis for federal jurisdiction. Specifically, noting

2

that there are two types of federal jurisdiction--federal question and diversity of citizenship--defendants observed that nothing in the complaint suggested the existence of federal question jurisdiction. (Defs.' Br. in Support of Mot. to Dismiss [8] at 2-3.)  As to diversity jurisdiction, defendants noted that to establish the existence of the latter, one must show complete diversity of citizenship (not residency) among the parties and an amount in controversy of over $75,000.  Yet, as defendants correctly observed, plaintiff's own complaint established that there was no diversity of citizenship because the complaint stated that both the plaintiff and defendant Cantell were "residents" of Georgia.  (*Id.* at 3-4.)

In response to defendants' motion to dismiss, plaintiff requested leave to amend his complaint [11], which this Court granted, thereafter denying as moot defendants' motion to dismiss (Order [12].)  Unfortunately, plaintiff's amended complaint did not address the defects of the original complaint identified by defendants.  That is, leaving the rest of the complaint as originally written, the plaintiff substituted a new first paragraph.  Yet, the only new allegation in this second version of the first paragraph was an allegation that defendant Tidewater was organized under the laws of North Carolina and has its principal office in that state.  (Am. Compl. [13] at ¶ 1.)  Plaintiff repeated its allegation that plaintiff and defendant Cantell were "residents" of Georgia.  (*Id.*)

3

And, as defendants had previously noted, if a defendant and plaintiff are citizens of the same state, there is no diversity jurisdiction.

For that reason, defendants filed a second Motion to Dismiss [15, 16], based on the same ground as the first motion to dismiss. In response, plaintiff admitted that there was not complete diversity, as is required, but requested that the Court permit him to dismiss defendant Cantell--the Georgia party who was destroying diversity--whose removal would restore diversity among the parties. Plaintiff noted that dismissal of Cantell would be appropriate as he is not an indispensable party.   (Pl.'s Resp. [18].)   Plaintiff, however, requested that any dismissal of Cantell be without prejudice.  (*Id.* at 2.)

In reply, defendants note that, in his response, plaintiff admits that he had been aware that there was no diversity in the case, but plaintiff nevertheless required the defendants and this Court to expend unnecessary resources to correct plaintiff's knowing misstatement of federal jurisdiction.  As to dismissal of defendant Cantell, defendants expressed no objection, except to note that any dismissal should be with prejudice.  (Defs.' Reply [19] at 2-3.) Defendants further requested  that, should Cantell be dismissed, the Court require plaintiff "to pay all reasonable attorney's fees for the multiple motions Defendants were forced to file." (*Id.* at 3.)

4

<u>DISCUSSION</u>

I.   <u>**ABSENCE OF SUBJECT MATTER JURISDICTION**</u>

   A.   <u>**Standard for Dismissal Under Rule 12(b)(1) And Requirements For Diversity Jurisdiction**</u>

   Plaintiff's Amended Complaint alleges the existence of diversity jurisdiction.  Defendants filed a motion pursuant to FED. R. CIV. P. 12(b)(1) to dismiss this complaint, arguing that this Court did not have diversity jurisdiction and therefore it lacked subject matter jurisdiction.

   Attacks on subject matter jurisdiction under Rule 12(b)(1) are either facial or factual.  *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260-61 (11th Cir. 1997)(citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)).  A facial attack requires the Court to determine whether the plaintiff has alleged a sufficient basis for subject matter jurisdiction.  *Id.* at 1261.  A factual attack, on the other hand, challenges "the existence of subject matter jurisdiction in fact, irrespective of the pleadings." *Lawrence*, 919 F.2d at 1529.

   Here, there is no disagreement as to the citizenship of each party named in plaintiff's amended complaint.  Instead, defendants have argued that plaintiff's pleadings, on their face, do not provide a sufficient basis for diversity jurisdiction.  Accordingly,

5

defendants' motion to dismiss constitutes a facial attack under Rule 12(b)(1). *Barnett v. Okeechobee Hosp.*, 283 F.3d 1232, 1237 (11th Cir. 2002).

When considering a facial attack, the Court applies a standard similar to that used in Rule 12(b)(6) motions. Therefore, for the purposes of defendants' motion, the Court assumes all the facts in plaintiff's complaint are true and construes them in his favor. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). The question, then, becomes whether the complaint sufficiently alleges a basis for subject matter jurisdiction. *Lawrence*, 919 F.2d at 1529. In this case, it clearly does not.

A federal court may exercise diversity jurisdiction when (1) the amount in controversy exceeds $75,000 and (2) the suit is between citizens of different states. 28 U.S.C. § 1332. The second prong of § 1332 requires *complete* diversity of parties; "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

### B. **Dismissal of a Party Under Rule 21**

Although defendant Tidewater is a citizen of North Carolina,

6

because both plaintiff and defendant Cantell are citizens of Georgia, there is no diversity jurisdiction, under plaintiff's present amended complaint. Albeit it took three pleadings by the defendants before plaintiff decided to acknowledge this obvious fact, plaintiff finally agrees that there can be no diversity jurisdiction as long as defendant Cantell remains in the case.

But plaintiff has now pivoted and asks this Court to remedy this problem by dismissing plaintiff Cantell, pursuant to Federal Rule of Civil Procedure 21. Plaintiff further requests that this dismissal be without prejudice. (Pl.'s Resp. [18] at 2-3.) Without Cantell as a defendant, plaintiff argues, diversity jurisdiction will reign over this case. (*Id.*)

Because "[m]isjoinder of parties is not a ground for dismissing an action", Rule 21 permits the court, "[o]n motion, or on its own . . . at any time, on just terms, [to] add or drop a party." FED. R. CIV. P. 21. Courts may use this power to remove non-necessary parties from an action in order to preserve diversity jurisdiction. "By now, 'it is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time, even after judgment has been rendered.'" *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 572-73 (2004)(quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989)).

7

*See also Bennick v. Boeing Co.*, 427 Fed. App'x 709, 712-13 (11th Cir. 2011); *Fritz v. Am. Home Shield Corp.*, 751 F.2d 1152, 1154 (11th Cir. 1985); *Ralli-Coney, Inc. v. Gates*, 528 F.2d 572, 575-76 (5th Cir. 1976); and 7 FED. PRAC. & PROC. CIV. § 1685 (3d ed.).

In order to exercise its ability to remove a non-diverse party under Rule 21, however, the Court must first determine that the party sought to be dismissed is not indispensable to the action under Federal Rule of Civil Procedure 19. *Fritz*, 751 F.2d at 1154; *Molinos Valle Del Cibao C. por A. v. Lama*, 633 F.3d 1330, 1343-45 (11th Cir. 2011) [hereinafter "*Molinos*"] (discussing the requirements of Rules 21 and 19 in the context of their application to an appellate court).

Under Rule 19, there is a two-step inquiry for determining whether a party is indispensable. First, the Court must determine whether the party to be dropped is required in the action. FED. R. CIV. P. 19(a); *Molinos*, 633 F.3d at 1344. If the party is required, but cannot be joined--as, for example, when his presence would destroy diversity jurisdiction--then the Court must consider four factors enumerated under the rule to determine if the action may proceed without him. FED. R. CIV. P. 19(b); *Molinos*, 633 F.3d at 1344.

Plaintiff is suing defendant Tidewater under a theory of *respondeat superior* for torts that its employee, defendant Cantell,

8

allegedly committed within the course of his employment. (*See* Am. Compl. [13] at ¶ 1.)[2] In his argument on this point, plaintiff claims that Cantell is not an indispensable party to the action because there is "a preponderance of [] evidence that Defendant Cantell was driving [Tidewater's] vehicle as an employee of [Tidewater] with the full consent of [Tidewater,] [and] [t]his proof can be made, if not admitted, without the necessity of Defendant Cantell being an actual party to the case." (Pl.'s Resp. [18] at 1-2.) Translation: defendant Tidewater can be held liable for the negligence of its employee, defendant Cantell, whether or not Cantell is a named defendant, under the doctrine of *respondeat superior*.

It's not so clear, however, whether defendants agree with plaintiff's legal assessment.[3] Other than expressing reticence at

---

[2] "Defendant Tidewater Transit was the owner of the vehicle being driven by defendant Cantell and involved in said collision. Further, defendant Cantell was an employee of defendant Tidewater Transit and is liable for the torts of it's (sic) employee through the doctrine of respondeat superior." (Am. Compl. [13] at 2.)

[3] While defendant Tidewater presumably does not disagree that plaintiff is pursuing defendant under a *respondeat superior* theory, it is not clear that defendant necessarily agrees that the doctrine of *respondeat superior* will ultimately be found applicable here. That is, in their answer to Paragraph One of the amended complaint, defendants admit that Tidewater owned the vehicle driven by Cantell and that the latter was an employee of Tidewater at the time of the accident, but otherwise defendants "deny all remaining allegations set forth in Paragraph 1 of Plaintiff's Amended Complaint." (Answer [14] at 3-4, ¶ 1.) A "remaining" allegation in this paragraph is plaintiff's assertion that defendant Tidewater is liable for the torts of its employee through the doctrine of *respondeat superior*.

AO 72A
(Rev.8/82)

having to expend their own resources, or at the Court having to spend its resources, to determine if Cantell is an indispensable party, defendants do not offer any arguments whether Cantell is required in the action or whether dismissing him under Rule 21 would otherwise be improper.

So, as plaintiff has declined to do the legwork to make its own argument and as defendants understandably are reluctant to expend more resources in order to fill in the gaps for plaintiff, the task of trying to determine Cantell's indispensability necessarily falls to the Court.  The Court's research indicates that when an employer is sued for its employee's torts under the theory of *respondeat superior*, the employee is not a required party to that suit.  *See Hillside Orchard Farms, Inc. v. Murphy*, 222 Ga. App. 106, 110 (1996) ("Even in a case based on the principle of respondeat superior, a master may be sued alone."); and *Fambro v. Sparks*, 86 Ga. App. 726, 733 (1952)("The action was not joint as to the first count because it was based on a simple respondeat superior principle wherein the servant is not a necessary party to an action against the master, and vice versa as to an action against the servant alone.") *overruled on other grounds, Allen Kane's Major Dodge, Inc. v. Barnes*, 243 Ga. 776, 782 (1979); *see also Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880-81 (5th Cir. 1987) *cert. denied*, 484 U.S. 854 (1987); *Rieser v. Dist. of Columbia*, 563 F.2d 462, 469 n.39 (D.C. Cir. 1977);

10

and *Lopez v. Council on Am.-Islamic Relations Action Network, Inc.*, 741 F. Supp. 2d 222, 232 (D.D.C. 2010).

This is so because employers and employees are treated as a single tortfeasor when both are allegedly liable for damages resulting from the employee's actions. *Thyssen Elevator Co. v. Drayton-Bryan Co.*, 106 F. Supp. 2d 1342, 1352-53 (S.D. Ga. 2000) (citing *St. Paul Fire & Marine Ins. Co. v. MAG Mut. Ins. Co.*, 209 Ga. App. 184, 186 (1993)). Here, plaintiff alleges injuries arising solely from Cantell's actions committed within the course of his employment with Tidewater, whose liability is based entirely upon the theory of *respondeat superior*. (Compl. [1] at ¶¶ 2-7; Am. Compl. [13] at ¶ 1.) Cantell is therefore not an indispensable party to the action under Rule 19.

Accordingly, Cantell <u>could</u> be dismissed pursuant to Rule 21, in order to preserve diversity jurisdiction. *See Murphy v. Newport Waterfront Landing, Inc.*, 806 F. Supp. 322 (D.R.I. 1992); *see also Bennick*, 427 Fed. App'x at 712-13 (upholding the decision to drop a party under Rule 21 because, "had the district court not dropped [the defendant], it would have been obligated to dismiss the entire action for lack of subject matter jurisdiction because [the plaintiff] had not established that he and [the defendant] were citizens of different states."); *Ralli-Coney, Inc.*, 528 F.2d at 575 ("Finally, we hold that the trial court acted within the bounds of sound discretion

11

and within his (sic) authority under Rule 21 F.R.C.P. in dismissing the broker, Staple Cotton Cooperative Association to preserve diversity jurisdiction.")(footnote omitted); and *Anderson v. Moorer*, 372 F.2d 747, 750 n.4 (5th Cir. 1967)(finding that refusal to drop a party under Rule 21 because the district court erroneously found the party to be indispensable to the action constituted an abuse of discretion).

But plaintiff's request that the dismissal of Cantell be without prejudice has drawn fire from defendants, who oppose this request, and thus the Court now turns to that issue.

## II.  WHETHER DISMISSAL OF CANTELL SHOULD BE WITHOUT PREJUDICE

Defendants oppose plaintiff's request that any dismissal of defendant Cantell be without prejudice.  Defendants argue that the dismissal should be with prejudice.  (Defs.' Reply [19] at 2-3.) They argue that "if Mr. Cantell is truly a non-indispensable party, as Plaintiff claims, there should be no issue dismissing Mr. Cantell WITH PREJUDICE, in order to tie up any potential loose ends and avoid any inconsistent results." (*Id.*)  Defendants cite no case authority to help guide the Court in deciding whether to so condition the dismissal.  For his part, plaintiff's response does not explain what purpose a dismissal without prejudice would serve, nor did plaintiff request an opportunity to file a surreply to explain his position.

So, the Court will have to go it alone on this question.  Rule

21 allows the Court to dismiss a party "on just terms." *See* FED. R. CIV. P. 21.  As a practical matter, defendants' argument makes a lot of sense.  If plaintiffs lose in their trial against the corporate defendant, Tidewater, they will get a second bite at the apple in a subsequent proceeding against Tidewater's employee, Cantell.  A second trial would then be unnecessarily complicated with questions of collateral estoppel and the like.[4]  Such a result constitutes an inefficient use of limited judicial resources and would potentially require defendant Cantell to provide testimony both as a witness in the action against his employer and as a party in the second action in state court.

On the other hand, plaintiff could have brought this federal case against defendant Tidewater, alone.  As noted, there would clearly be diversity jurisdiction in that scenario.  Then, following a verdict in that case, plaintiff could have initiated a state action against defendant Cantell.  The inefficiencies would be the same, but

---

[4] As to collateral estoppel against plaintiff in a separate suit against Cantell following a judgment for defendant Tidewater in the federal proceeding, if an employer defends an action and does not assert defenses that would be unavailable to the employee, then the suit against the employer operates as collateral estoppel with respect to a subsequent suit against the employee. *Hodo v. Basa*, 214 Ga. App. 895, 896 (1994); *Garrett v. Life Ins. Co. of Georgia*, 221 Ga. App. 315, 318 (1996)(limiting the doctrine relied upon by the *Hodo* court to cases involving collateral estoppel).  *See also Sorrells Constr. Co., Inc. v. Chandler Armentrout & Roebuck, P.C.*, 214 Ga. App. 193, 193-94 (1994) (explaining the doctrines of *res judicata* and collateral estoppel).

13

there would be no question that plaintiff could so proceed. Accordingly, the fact that plaintiff incorrectly added Cantell as a defendant here, thereby destroying diversity jurisdiction, does not necessarily suggest that a dismissal of Cantell should be with prejudice.

Moreover, Eleventh Circuit precedent is clear that dismissal with prejudice "'is a drastic remedy to be used only in those cases where a lesser sanction would not better serve the interests of justice.'" *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)(quoting *Brown v. Thompson*, 430 F.2d 1214, 1216 (5th Cir. 1970)(discussing dismissals pursuant to Rule 41)); *see also Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 212 (5th Cir. 1976)(stating that dismissal with prejudice under Rule 41(b) is not warranted where lesser sanctions would suffice).

What most chagrins this Court is not the question whether a dismissal of Cantell will be with or without prejudice, but instead it is the added expense and inconvenience that plaintiff has caused by insisting for so long in proceeding against Cantell when it was so obvious that the latter destroyed federal subject matter jurisdiction. But that concern can be addressed by imposing sanctions against plaintiff's counsel: a matter to which the Court next turns. As to the type of dismissal of Cantell, the Court dismisses defendant Cantell **WITHOUT PREJUDICE.**

14

### III. <u>AWARD OF ATTORNEY'S FEES TO DEFENDANTS</u>

Defendants have requested that the Court require plaintiff to pay its attorney's fees, should the Court accede to plaintiff's request that he be allowed to dismiss defendant Cantell. As the Court has allowed the dismissal of defendant Cantell, defendants' request for attorney's fees must be decided. The Court agrees with defendants that the imposition of attorney's fees is warranted.

Rule 11 empowers the Court to impose sanctions against "[a]n attorney or a party [who files] a pleading that: (1) has no reasonable legal basis; (2) has no reasonable factual basis; or (3) is filed for an improper purpose" in order to "discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." *Thomas v. Evans*, 880 F.2d 1235, 1239 (11th Cir. 1989); FED. R. CIV. P. 11(b). The decision to impose sanctions "lies within the district court's sound exercise of discretion" and may be made of the Court's own accord or upon the motion of a party, provided that the Court first gives notice and an opportunity to respond to the party on which it will impose sanctions. *Baker v. Alderman*, 158 F.3d 516, 525-26 (11th Cir. 1998); *Rolleston v. Eldridge*, 848 F.2d 163, 165 (11th Cir. 1988); *Donaldson v. Clark*, 819 F.2d 1551, 1557-58 (11th Cir. 1987).

Defendants seek attorney's fees pursuant to Federal Rule of Civil Procedure 11(c)(3) "for the multiple motions Defendants were

forced to file to correct Plaintiff's improperly filed Complaint and Amended Complaint." (Defs.' Reply [19] at 3); FED. R. CIV. P. 11(c)(3). Rule 8(a) requires a plaintiff to establish jurisdiction by setting forth the factual basis for the claim. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Further, a plaintiff's improper assertion of jurisdiction can subject him to Rule 11 sanctions. *See, e.g., Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007)( a plaintiff's assertion of jurisdiction is subject to Rule 11 sanctions).

Here, plaintiff's original complaint obviously lacked a basis for asserting diversity jurisdiction, as the complaint, itself, noted that the plaintiff and defendant Cantell were both Georgia citizens. Filing a motion to dismiss, defendants promptly brought that defect to plaintiff's attention. Instead of admitting this error and attempting then to dismiss defendant Cantell, plaintiff filed an amended complaint that did nothing to correct plaintiff's original error. That is, plaintiff reasserted that it was proceeding against defendant Cantell and repeated the complained-about assertion: that Cantell was a citizen of the same state as plaintiff. Indeed, it is not at all clear what plaintiff thought it was accomplishing by this amended complaint. Defendants were then forced again to incur expenses by filing a second Motion to Dismiss [15].

Plaintiff's only explanation for including Cantell in this

16

action is that he "was in error in assuming that those motions [to dismiss] would not be filed [by defendants] under these circumstances." (Pl.'s Resp. [18] at 3.)   The Court does not understand what plaintiff means by this explanation.   Both the parties and the Court have a duty to ensure that the Court has jurisdiction over any action that is filed. *See* FED. R. CIV. P. 11 and *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999)("A necessary corollary to the concept that a federal court is powerless to act without jurisdiction is the equally unremarkable principle that a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.   Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

Indeed, no verdict obtained by plaintiffs would have been enforceable were it later determined that the Court lacked subject matter jurisdiction.   Likewise, a verdict for defendants would have been equally assailable by plaintiff on this ground.   In short, there could be no good reason to proceed, for even a minute, in a case in which no verdict issued by the Court could later be sustained.

Accordingly, an award of attorney's fees is appropriate to sanction plaintiff's Rule 11 violation, to deter future parties from heedlessly pleading jurisdiction in the hopes that the Court will

AO 72A
(Rev.8/82)

exercise its discretion to remedy any errors, and to make the defendants whole. *See Lowery*, 483 F.3d at 1216 (describing a "paradigmatic case"). The Court therefore awards attorney's fees to defendants, which fees shall be paid by plaintiff's counsel, not the plaintiff.

Defendants shall submit a memorandum, setting out the attorney's fees it reasonably incurred in filing all pleadings in this, beginning with defendants' original motion to dismiss, but excluding defendants' Answers. This submission shall be filed by **APRIL 4, 2014.** Should plaintiff have any viable objections to the reasonableness of the amount of fees requested, he shall file objections by **APRIL 18, 2014.** Thereafter, the Court will issue an order formally awarding the fees.

### CONCLUSION

For the foregoing reasons, the Court **DISMISSES** defendant Roger H. Cantell **WITHOUT PREJUDICE.** With the removal of Cantell from the case, complete diversity between the parties exists and the Court may exercise subject matter jurisdiction over the action. The Court therefore **DENIES** defendants' Motion to Dismiss [15]. The Court also awards attorney's fees to defendants. The Court directs defendants to submit an appropriate request for attorney's fees by **APRIL 4, 2014**. Any objections by plaintiff shall be filed by **APRIL 18, 2014**.

18

SO ORDERED, this 17th day of March, 2014.


/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

19